UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DESMENT STUDIOS LLC** | Civil Case Number: _____ (\_\_\_\_) |
| **MOOVY STUDIOS LLC**; **EDUARDO RAMIREZ DE ARELLANO AND THE CONJUGAL LEGAL PARTNERSHIP WITH JANE DOE**, Corporations A, B & C; William Doe and Mary Doe | Breach of Contract, Damages; Collection of Monies and Unjust Enrichment and Collection of Monies<br><br>Jury Trial is Demanded. |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** the Plaintiff, **DESMENT STUDIOS LLC**, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

### I. INTRODUCTION

This is a civil action in which the Plaintiff, DESMENT STUDIOS LLC (DESMENT), claims damages for breach of contract, contractual deceit, collection of monies, and unjust enrichment from the defendant, MOOVY STUDIOS LLC (MOOVY), for its non-performance of obligations and material breach of a contract between the parties, and his unjust enrichment employing *dolo post contrahendo*.

### II. JURISDICTION AND VENUE

1. *Jurisdiction:* This Honorable Court has jurisdiction over the present action pursuant to 28 U.S.C. 1332 over state law claims under sections of the Puerto Rico Civil Code and other applicable statutes and equity. DESMENT STUDIOS LLC is a California Limited Liability Company with its principal place of business in Los Angeles. Defendant MOOVY STUDIOS LLC is a limited liability company whose

1

principal place of business is in Puerto Rico. Thus, Total diversity of citizenship exists between the plaintiff and defendant as they are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2. *Venue*: Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

### III. THE PARTIES

3. Plaintiff DESMENT STUDIOS LLC ("DESMENT") is a limited liability company with its principal place of business at 433 N Palm Drive, Unit 305, Los Angeles, California, 90210. Dement is engaged in film production and distribution.

4. Defendant MOOVY STUDIOS LLC ("MOOVY") is, upon information, knowledge, and belief, a limited liability company doing business in Puerto Rico located at Camino Alto, Urb. Altavilla, Aa-2 Trujillo Alto, PR 00976-6087. Moovy is engaged in the film production business.

5. Defendant EDUARDO RAMIREZ DE ARELLANO AND THE CONJUGAL LEGAL PARTNERSHIP WITH JANE DOE, who are residents of Trujillo Alto, Puerto Rico. Edgardo Ramirez is the principal director or officer of the Limited Liability Company Moovy Studios LLC, which does business at the exact location of Moovy. He was one of the managing members during the performance of the Co-Production agreement for the movie Dime Detective.

6. Co-Defendants, Companies A, B & C, are corporations that may be responsible to the Plaintiff for the facts alleged in the present Complaint, but their names and addresses are unknown at this moment.

7. Co-Defendants William Doe and Mary Doe are unknown individuals who are or might be responsible to the Plaintiff for the facts alleged in the present Complaint. Still, their names and addresses are unknown at this moment.

**IV.  FACTUAL BACKGROUND**

8. DESMENT is a corporation located in Los Angeles, California that is involved in various business ventures relating to the production and distribution of films.

9. On June 3rd, 2024, Desment and Moovy entered into a co-production agreement (the "Agreement") for the film *Dime Detective*.

10. The Agreement granted Desment the exclusive right to select the cast for *Dime Detective* and required Moovy to inform Desment of all participants involved in the production.

11. In a May 25, 2024 email Desment told Moovy precisely what his obligations were in this project, which he summarized as follows: providing the script (Dime Detective), the director (Lee Caplin), the distributor (Cineville) with a commitment of 3.9 million dollars, and selecting the best cast of actors possible to assure the financial success of the film. He also told Moovy that they had exceeded the film's budget, diminishing his back-end income. Desment requested authorization to proceed with the official casting of the film, which had been delayed for more than three weeks. This communication also foretold that picking the wrong actors would equate to bad-picture sales.

12. Around the same time, Desment also informed Moovy of the cast he had selected. In addition, Desment conveyed to the defendants that he would not participate in a scheme to artificially increase the Puerto Rico movie commission

3

incentives by inflating the movie.

13. Soon after that, he was shut off from further communications.

14. Having Desment incommunicado, Moovy proceeded to select the actors without Desment's input or approval, including the lead actor, Terrance Howard, whose possible participation was previously rejected by Desment. The Howard selection was not communicated to Desment on July 10, 2024.

15. Moovy failed to communicate with Desment regarding the casting process throughout June and July 2024, despite Desment's repeated requests for updates and information, including emails exchanged without Desment's involvement.

16. On July 11, 2024, the casting director, Patricia Alonso, informed Desment that Betty Kaplan had already chosen the actors, contrary to the Agreement. In doing so, Moovy breached the Agreement by disregarding Desment's exclusive casting rights.

17. Furthermore, Defendants communicated disrespectfully with Desment representatives, further demonstrating Moovy's disregard for Desment's role and authority in the project.

18. Likewise, Moovy failed to provide Desment with information regarding backend participants, budget, and schedule, as Section 5 of the Agreement required.

19. Moovy failed to sign the agreement with American Content Media, which would place the movie in theaters, platforms, or pay-per-view, resulting in financial losses for Desment.

20. Moovy purposely prevented Desment from fulfilling its obligations so it

4

could keep the income generated by the movie to itself while avoiding paying anything to Desment in the backend of the movie residuals.

21. The employment of this "*dolo post contrahendo*" to shut down Desment's communications was successful. It prevented Desment from performing his obligations so that he could be held responsible for breaching his obligations under the co-production agreement. Later, the defendants kept using insidious machinations to avoid being sued, alleging that Desment had not performed his contractual obligations.

22. This egregious and malicious conduct resulted in the devaluation of the motion picture that Desment had preliminarily negotiated for approximately 9 million dollars based on the cast he selected.

23. Had Desment been able to choose the cast, the movie would have been negotiated to its full economic potential. However, due to Moovy's breaches, the actors initially agreed to participate in the film, and Patricia Alonso (Director) are now seeking compensation from Desment for lost opportunities. These actors confirmed their participation in the film, canceling other auditions and possible acting jobs to be in the movie.

24. Likewise, if the movie was sold, the defendants failed to pay the 30% of commissions owed from any source of income derived from film sales. This would set off any monies advanced to Desment by Moovy. Thus, the defendants have not complied with their contractual obligations to pay other commissions.

25. As a result of the actions above, material breaches of contract and unjust enrichment by Defendant Desment, Desment suffered severe damages in the form of loss of monies, royalties, shares, profits, benefits, loss of credibility in

the industry, and mental anguish and suffering. These damages are estimated at not less than four million dollars ($4,000,000) plus punitive damages resulting from the employment of *dolo post contrahendo* and contractual deciet.

26. The defendants are all liable for damages caused by the breach of contract, acts, omissions, bad faith, "*dolo post contrahendo*," and misleading conduct that Plaintiff Rolo suffered.

## V.   CAUSES OF ACTION FOR BREACH OF CONTRACT AND CONTRACTUAL DECEIT

27.   All preceding paragraphs are hereby incorporated by reference.

28.   Desment and Moovy entered a valid and enforceable contract, the Agreement, for the co-production of *Dime Detective*.

29.    Moovy breached the Agreement by failing to perform its obligations under the Agreement, as detailed in the Factual Background section above.

30.   As a direct and proximate result of Moovy's breaches of the Agreement, Desment has suffered damages, including loss of business opportunities and financial losses due to Moovy's failure to reach an agreement with ACM. This has diminished the film's sales potential and damaged Desment's reputation in the industry.

31. Under the Puerto Rico Civil Code, (the law chosen under the coproduction agreement), those who, in fulfilling their obligations, are guilty of fraud, deceit, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

32. Contractual deceit is defined as the conscious, deliberate purpose of

avoiding the expected performance of obligations, *Marquez v. Torres Campos, 111 D.P.R. 854 (1982)*. This definition perfectly describes the defendant's actions, who are fabricating excuses to avoid the payment to Desment for services rendered at all costs.

## VI. DAMAGES

33. As previously described, the Artist's acts and omissions have caused Plaintiff economic losses estimated at no less than $4,000,000.00 for breach of contract and contractual deceit.

34. The acts and omissions of the Artist, as previously described, have caused Plaintiff harm to reputation, severe anguish, and mental suffering of Plaintiff estimated in no less than two million ($2,000,000.00).

35. The plaintiff is also entitled to punitive damages, estimated at least two million dollars ($2,000,000.00), for the defendant's egregious conduct and contractual deceit.

36. Codefendants are jointly and severally liable to the plaintiff for damages caused by their negligence, willful acts, and omissions.

37. Defendant Edgardo Ramirez de Arellano is also liable to the plaintiff as a director or principal officer of the Limited Partnership Co. Moovy since he determined to employ contractual deceit.

## VII. JURY DEMAND

57. Plaintiff, Desment, very respectfully requests a jury trial.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Desment respectfully requests that this Honorable Court, for the above-stated reasons, enter for judgment against the defendants

7

for the following:

a)   A monetary amount of not less than four million dollars ($4,000,000) for damages resulting from Defendant, breach and non-performance of the agreement with Plaintiff;

b)   A monetary amount of not less than two million dollars ($2,000,000) for damages resulting from the harm to reputation, severe anguish, and mental suffering of Plaintiff;

c)   A monetary amount of not less than two million dollars ($2,000,000) in punitive damages;

d)   Prejudgment and post-judgment interest, costs of suit, attorneys' fees; and

e)   That all defendants are held jointly and severally liable to Plaintiff for the damages caused

f)   All other relief this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this October 25, 2024.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties in the case.

**s/ROBERTO SUEIRO DEL VALLE**
USDC No 207801
Tulipán 170, Urb. San Francisco
San Juan, PR 00927-6221
Tel.:  787-753-4712
E-MAIL     sueirolaw@me.com
                rsdv@me.com

8